**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamonz Ross, | No. CV 05-4177-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Jamonz Ross brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio (Doc. #1). On November 21, 2007, the Court granted Defendant's Motion for Summary Judgment on Count II (Doc. #68). Before the Court is Plaintiff's Motion for Reconsideration of that Order (Doc. #70).

The Court will deny Plaintiff's motion.

**I.  Background**

In his Complaint, Plaintiff alleged that his constitutional rights were violated by inadequate medical care (Count II) and unsanitary conditions (Count III) at the Maricopa County jails (Doc. #1 at 5-6).[1] In Count II, Plaintiff claimed that when he sought medical care, he was told to put in a "tank order" to request treatment, but that these orders were either refused or Plaintiff was referred to the next shift, who in turn referred Plaintiff to another shift (id. at 5). Plaintiff's medical needs included treatment of a bullet wound to his buttocks from an injury received before entering the jail (see Doc. #64, Pl.'s Statement of

---

[1] The Court dismissed Count I, which alleged overcrowding at the jail, for failure to exhaust available administrative remedies (Doc. #15).

Facts ¶ 7). Plaintiff also alleged that staph infections were rampant in the jail and it would take days to treat open sores. He claimed that as a result, he suffered a staph infection that went untreated (Doc. #1 at 5).

Defendant moved for summary judgment on Count II (Doc. #59). The Court granted the summary judgment motion on the grounds that (1) Defendant demonstrated that Plaintiff received regular treatment for a bullet wound and there was no evidence of injury or harm due to a delay in treatment, (2) there was no evidence of injury or harm from a 2-month delay in treatment for a staph infection, (3) and Plaintiff failed to set forth any specific facts as to deliberate indifference on the part of Defendant (Doc. #68).

Plaintiff moves for reconsideration of the Summary Judgment Order (Doc. #70). He asserts that when he responded to Defendant's motion, he was under the impression that he was limited to addressing only those arguments put forth by Defendant; therefore, he did not submit evidence of his suffering caused by the delay in medical treatment (id. at 1). Plaintiff alleges that he experienced unnecessary harm and pain due to the delay in treatment of his bullet wound. Further, he claims that the delay in treatment for his staph infection resulted in a more severe infection. Finally, Plaintiff contends that Defendant is directly responsible for the staph infection because he is responsible for the jail conditions, which are filthy (id. at 2). Attached to his motion are copies of medical records that, according to Plaintiff, demonstrate the delay in treatment (id., Attachs.).

No response was ordered by the Court so Defendant's response memorandum will not be considered (Doc. #71). See LRCiv 7.2(g) ("[n]o response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court").

## II.     Motion for Reconsideration

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. United States v. Rezzonico, 32 F.

Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D. Ariz. 2003).

**III.    Analysis**

Here, Plaintiff makes no showing that reconsideration is appropriate. Plaintiff implies that Defendant did not raise arguments related to whether there was a delay in treatment or whether Plaintiff suffered harm during a delay. But the summary judgment motion, supported by Dr. Wilcox's declaration, clearly put forward Defendant's contention that there was no delay in treatment (Doc. #59; Doc. #60, Ex. D, Wilcox Decl. ¶¶ 3-4). Although Plaintiff now provides more detailed allegations about the delay in care, he presented this same argument in opposition to the summary judgment motion (see Doc. #63 at 2). And the medical records Plaintiff submits with his motion do not constitute new evidence that was previously unavailable.

Moreover, Plaintiff does not cite to any new case law that would support reconsideration, nor does he demonstrate that the Court's ruling was manifestly unjust. His Motion for Reconsideration merely expresses disagreement with the Summary Judgment Order. As such, reconsideration is not warranted and Plaintiff's motion will be denied.

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (Doc. #70) is **denied**.

DATED this 14th day of April, 2008.

_____
Mary H. Murguia
United States District Judge