**WO**                                                                                                   JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamonz Ross, | No. CV 05-4177-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Jamonz Ross brought this civil rights action under 42 U.S.C. § 1983 against Joseph Arpaio, Maricopa County Sheriff (Doc. #1). Defendant filed an Amended Motion to Dismiss seeking dismissal for failure to exhaust administrative remedies (Doc. #74). The motion has been fully briefed (Doc. ##76, 79).

The Court will deny Defendant's motion.

**I.  Background**

In his Complaint, Plaintiff alleged that his constitutional rights were violated by overcrowding (Count I), inadequate medical care (Count II), and unsanitary conditions at the Maricopa County jails (Count III) (Doc. #1 at 4-6). The Court ordered an answer, and Defendant filed his first Motion to Dismiss for failure to exhaust administrative remedies (Doc. ##3, 6). Defendant's motion was granted only as to Count I, which was dismissed from the action. (Doc. #15). In its Order, the Court directed Defendant to file either an answer or a new Rule 12(b) motion within 10 days (id.).

Defendant filed an Answer and later moved for summary judgment on Count II (Doc. ##16, 59). The Court granted the motion and Count II was dismissed (Doc. #68).

The sole remaining claim is Count III (Doc. #1 at 6). Plaintiff claimed that no cleaning supplies or chemicals were provided to inmates. He also alleged that there were just 2 showers, 2 toilets, and 2 sinks for over 100 detainees, and that the only available drinking water was from the sinks (id.). Finally, he claimed that the air filters in the jails were never changed. Plaintiff stated that as a result of these conditions, he suffered a rash, red and swollen eyes, breathing problems, and sleep loss (id.). He sued for compensatory and punitive damages (id. at 7).

In his Amended Motion to Dismiss Count III, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #74). In support, Defendant submitted the affidavit of Susan Fisher, a Sergeant with the Inmate Hearing Unit (id., Ex. A, Fisher Aff. ¶ 1). Fisher described the three steps in the jail's grievance system: (1) the initial grievance; (2) the Institutional appeal; and (3) the External appeal (id. ¶ 5). She attested that Plaintiff filed a total of six grievances during his confinement at the county jails, and that none of these grievances related to cleaning supplies or unsanitary conditions (id. ¶ 8). Fisher's affidavit is supported by copies of the Inmate Grievance Procedure Policy; two pages from the "Rules and Regulations for Inmates"; and a Grievance Listing chart that lists the date, Grievance Number and description of Plaintiff's six grievances (id., Ex. A, Attachs.).

Defendant further stated that the Maricopa County Sheriff's Office maintains specific sanitation policies and regulations, which include systems for cleaning laundry and providing inmate personal hygiene supplies (Doc. #74 at 4). Defendant proffered copies of the housing unit cleaning rules (id., Ex. B), the Inmate Laundry Policy (id., Ex. C), the Jail Inspections Policy (id., Ex. D), and the Inmate Hygiene Policy (id., Ex. E).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #75). In his response, Plaintiff argued that the Court has already ruled that Defendant failed to show

1 nonexhaustion of this claim and that the Amended Motion presents no new information that
2 would change that determination (Doc. #76). He submitted a copy of the Court's Order on
3 the first Motion to Dismiss, which found that Defendant failed to refute Plaintiff's claim that
4 he filed an External appeal on his unsanitary conditions grievance (id., Attach.).

5  In his one-page reply, Defendant contended that since the Court's ruling on the first
6 Motion to Dismiss, there was a Motion for Summary Judgment on the issue of inadequate
7 medical care that was granted for Defendant (Doc. #79). Defendant stated that his Amended
8 Motion relates to the remaining sanitation claim (id.).

## II.     Legal Standard

A prisoner must exhaust "available" administrative remedies before bring an action in federal court. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). The defendant bears the burden of raising and proving the absence of exhaustion. Wyatt, 315 F.3d at 1119. Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. And a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted). Further, the issue of exhaustion must precede consideration of the merits issues, which are addressed in a summary judgment motion. See Perez v. Wis. Dep't of Corrs., 182 F.3d 532, 536 (7th Cir. 1999).

## III.    Analysis

Defendant contends that Plaintiff filed six grievances during his confinement at the jail but that none of the six grievances concerned unsanitary conditions (Doc. #74). This is

1 the same argument Defendant presented in his first Motion to Dismiss (Doc. #6).  In the
2 Court's Order denying that motion as to Count III, Defendant was given 10 days to file a new
3 Rule 12(b) motion (see Doc. #15, Order dated Sept. 2006).  Defendant's Amended Motion
4 to Dismiss comes 16 months after that Order (Doc. #74, dated Jan. 2008).  Moreover, the
5 deadline for filing dispositive motions was October 9, 2007 (see Doc. #62); yet, Defendant
6 did not file a second Motion to Dismiss until November 29 (Doc. #69) and the Amended
7 Motion to Dismiss until January 3, 2008 (Doc. #74).  The present motion is therefore
8 untimely.

9 More importantly, as Plaintiff notes, Defendant presents no new information or new
10 evidence demonstrating a failure to exhaust Count III.  Indeed, in his Amended Motion
11 Defendant proffers less evidence concerning the exhaustion issue; notably, he does not
12 submit copies of Plaintiff's grievances (see Doc. #74, Exs. A-E).  These grievances, which
13 were submitted with the first Motion to Dismiss, show that Plaintiff filed an External appeal
14 that was never answered (Doc. #6, Ex. H).  Plaintiff consistently maintained that this
15 External appeal concerned unsanitary conditions (Doc. #9, 12).  Defendant presents nothing
16 in his Amended Motion to disprove this claim.  Thus, he has again failed to meet his burden
17 to demonstrate nonexhaustion of Count III and his Amended Motion will be denied.

18 As to Defendant's contention that there are numerous policies at the jail addressing
19 cleaning procedures and personal hygiene, this appears to go to the substance of Plaintiff's
20 claim, rather than to the issue of exhaustion (Doc. #74 at 4).  But Defendant does not
21 articulate an argument; he merely states that there are cleaning/hygiene policies and submits
22 copies of those policies (id., Exs. B-E).

23 Under Federal Rule of Civil Procedure 12(d), a motion to dismiss may be treated as
24 one for summary judgment under Rule 56; however, if so, the plaintiff must be given an
25 opportunity to present affidavits or other evidence in response.  Here, Plaintiff was not put
26 on notice that Defendant's motion may be considered as a summary judgment motion.
27 Defendant asserted that he was moving to dismiss only for failure to exhaust administrative
28 remedies under the PLRA (see id. at 1), and the Court's Order informed Plaintiff of his

obligation to respond only to the nonexhaustion claim (see Doc. #75). As such, to the extent that Defendant moves for dismissal based on the existence of sanitation policies, his evidence will not be considered and the request for dismissal will be denied.

**IT IS ORDERED** that Defendant's Amended Motion to Dismiss (Doc. #74) is **denied**.

DATED this 2nd day of May, 2008.

_____
Mary H. Murguia
United States District Judge