**WO**                                                                                                       JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamonz Ross, | No. CV 05-4177-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Jamonz Ross brought this civil rights action under 42 U.S.C. § 1983 against Joseph Arpaio, Maricopa County Sheriff (Doc. #1). Before the Court is Defendant's "Second Motion to Dismiss Count III" (Doc. #90). This motion is actually Defendant's third request for dismissal of Count III for failure to exhaust administrative remedies.

The Court will deny the motion. The Court will also order additional briefing on two issues related to exhaustion that were raised during the status hearing held on July 7, 2008.

**I.   Background**

**A.   Complaint**

Plaintiff initiated this action on December 20, 2005 (Doc. #1). In his verified Complaint, he alleged that his constitutional rights were violated by overcrowding (Count I), inadequate medical care (Count II), and unsanitary conditions at the Maricopa County jails (Count III) (id. at 4-6). Count III is the sole remaining claim. In that count, Plaintiff claimed that no cleaning supplies or chemicals were provided to inmates. He also alleged that there were just 2 showers, 2 toilets, and 2 sinks for over 100 detainees, and that the only available

drinking water was from the sinks (id. at 6). Finally, he claimed that the air filters in the jails were never changed. Plaintiff stated that as a result of these conditions, he suffered a rash, red and swollen eyes, breathing problems, and sleep loss (id.). He sued for compensatory and punitive damages (id. at 7).

### B.  Defendant's First Motion to Dismiss

Defendant's first Motion to Dismiss was filed on June 26, 2006 (Doc. #6). Defendant argued that Plaintiff failed to exhaust his available administrative remedies for his claims prior to filing his Complaint, as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). See Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005).

The Court granted the motion only as to Count I (Doc. #15). The Court found that the evidence conclusively demonstrated that the medical care claim in Count II was grieved through to the External appeal level—the final step of the grievance process—and was thereby exhausted, so the motion was denied as to Count II (id. at 4). With respect to Count III, the evidence demonstrated that in addition to the medical care External appeal, there was another External appeal; however, that appeal form was not submitted in the briefing. Plaintiff claimed that he grieved the unsanitary conditions claim and filed an External appeal but did not receive a response. The evidence included a concession by a jail official that grievances were sometimes lost. Thus, the motion was denied as to Count III because Defendant failed to carry his burden to prove nonexhaustion (id. at 4-5). In its Order, the Court directed Defendant to file either an answer or a new Rule 12(b) motion within 10 days from the date of the Order, which was September 19, 2006 (id. at 6).

Defendant did not submit another Rule 12(b) motion within 10 days; he filed his Answer on September 21, 2006 (Doc. #16). Shortly thereafter, the Court issued the Scheduling Order, which provided that any defense motion to dismiss or motion for summary judgment that is not dependent on the development of the factual record must be filed by

December 13, 2006 (Doc. #24 at 2). All other dispositive motions were due by August 21, 2007 (id. at 3).[1]

Defendant did not file any motions to dismiss prior to December 13, 2006, but he did file a Motion for Summary Judgment on August 21, 2007 (Doc. #59). That motion sought summary judgment only on Count II; the motion was granted, and Count II was dismissed (Doc. #68). Count III, which alleged unsanitary conditions, was then the only remaining claim.

### C.     Defendant's Second Motion to Dismiss

On November 29, 2007, Defendant filed a Motion to Dismiss Count III for failure to exhaust administrative remedies; this was his second request to dismiss this claim for nonexhaustion (Doc. #69). This motion came more than 14 months after the Court's Order on the first motion to dismiss, which directed Defendant to refile such a motion within 10 days from September 19, 2006 (see Doc. 15). And it came 11 months after the deadline in which to file Rule 12(b) motions (see Doc. #24 at 2, setting a Dec. 13, 2006 deadline).

On January 3, 2008, before briefing on the motion was completed, Defendant submitted an Amended Motion to Dismiss Count III (Doc. #74). The Amended Motion set forth the same argument that Defendant presented in his first Motion to Dismiss (see Doc. #6). In its Order denying the Amended Motion to Dismiss, the Court noted the extreme untimeliness of the motion (Doc. #85 at 4). The Court also found that Defendant presented no new information demonstrating a failure to exhaust Count III:

> [i]ndeed, in his Amended Motion Defendant proffers less evidence concerning the exhaustion issue; notably, he does not submit copies of Plaintiff's grievances (see Doc. #74, Exs. A-E). These grievances, which were submitted with the first Motion to Dismiss, show that Plaintiff filed an External appeal that was never answered (Doc. #6, Ex. H). Plaintiff consistently maintained that this External appeal concerned unsanitary conditions (Doc. #9, 12). Defendant presents nothing in his Amended Motion to disprove this claim (Doc. #85 at 4).

---

[1] On Plaintiff's unopposed motion, the Court extended the time for Plaintiff to file a dispositive motion to October 9, 2007 (Doc. #62).

- 3 -

1  Again finding that Defendant failed to carry his burden to demonstrate failure to exhaust, the
2  Court denied the Amended Motion to Dismiss in its Order dated May 2, 2008 (id.).

### D. Defendant's Third Motion to Dismiss

The pending motion (Doc. #90), although titled "Defendant's Second Motion to Dismiss Count III," constitutes Defendant's third request to dismiss Count III for failure to exhaust administrative remedies. Defendant did not seek leave to file this motion.

In his motion, Defendant refers to the Court's Order denying the Amended Motion to Dismiss (Doc. #90 at 2).[2] He states that "[t]he Court contends Plaintiff has adequately established that his two external grievances deal with the sanitation issue, and subsequently denies dismissal of Count III. Defendant begs to differ on that point" (id.). Defendant argues that Plaintiff submitted two External appeals but that both related to a complaint about medical treatment (id.). Defendant further argues that Sgt. Susan Fisher's declaration, previously submitted with the Amended Motion to Dismiss, "clearly indicates" that Plaintiff filed no grievances about unsanitary conditions while housed in the county jail (id.; see Doc. #90, Ex. C, compare Doc. #74, Ex. A).

## II. Motion for Reconsideration

Defendant's motion is clearly one for reconsideration, as exhibited by Defendant's expressed disagreement with the Court's prior Order denying the Amended Motion to Dismiss (Doc. #90 at 2). Thus, despite its title, the Court construes Defendant's motion as a motion for reconsideration of the May 2, 2008 Order.

Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence,

---

[2] Although Defendant refers to the Court's May 2, 2008 Order, which is Docket #85, he cites to an exhibit attached to Plaintiff's opposition memorandum at Docket #76 (see Doc. #90 at 2, citing to "Dkt. 76-2, p.6").

- 4 -

1  (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an
2  intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS,
3  Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see LRCiv 7.2(g)(1). "No motion for reconsideration
4  shall repeat in any manner any oral or written argument made in support of or in opposition
5  to the original motion." Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc., 215 F.R.D.
6  581, 586 (D. Ariz. 2003).

7  Here, reconsideration is not appropriate. First, the motion is untimely. Local Rule
8  of Civil Procedure 7.2(g)(2) provides that motions for reconsideration must be filed within
9  10 days after the date of the Order that is the subject of the motion. Defendant's motion was
10 filed on June 19, 2008, well past the 10-day deadline (see Doc. #90). And second, Defendant
11 does not present any grounds supporting reconsideration of the Court's prior Order.
12 Defendant presents the same argument raised in the two previous motions to dismiss and
13 submits the same evidence (Doc. #90, Ex. A-B; compare Doc. #6, Ex. E, H (copies of same
14 grievances); Doc. #90, Ex. C, compare Doc. #74, Ex. A (same declaration of Fisher)).[3]
15 Essentially, Defendant directly asks the Court to rethink what it has already thought
16 through—twice.

17 To the extent that Defendant suggests that the Court committed clear error (assuming
18 that Defendant articulated the appropriate standard for a motion for reconsideration, which
19 he did not), his argument—that the Court wrongfully "contends Plaintiff has adequately
20 established that his two external grievances deal with the sanitation issue"—is erroneous (see
21 Doc. #90 at 2). The Court did not contend that Plaintiff established exhaustion of Count III;
22 rather, it found that "[Defendant] has again failed to meet *his burden* to demonstrate
23 nonexhaustion of Count III" (Doc. #85 at 4) (emphasis added). As explained in both of the

---

[3] The only new evidence proffered with the latest motion is a Grievance Listing Chart, which describes 6 grievances filed by Plaintiff from January 2006 through March 2006 (Doc. #90, Ex. C, Attach.) and Plaintiff's Inmate Movement History, which shows his specific housing assignments during his confinement at the county jail (id., Ex. D). However, neither of these exhibits constitute "newly discovered evidence" that was unavailable at the time the prior motions to dismiss were filed.

- 5 -

1 Court's prior Orders, failure to exhaust remedies must be raised and proved by the defendant
2 (see Doc. #15 at 3; Doc. #85 at 3).  Jones v. Bock, 127 S. Ct. 910, 919-21 (2007); Wyatt v.
3 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2005).

4     In sum, Defendant's motion is untimely and presents nothing to warrant
5 reconsideration.  It will be denied.

6 **III.    Waiver of Affirmative Defense**

7     The PLRA's exhaustion requirement is a non-jurisdictional affirmative defense.
8 Jones, 127 S. Ct. at 918, 921; Wyatt, 315 F.3d at 1119.  Generally, affirmative defenses are
9 waived if the party fails to assert them at the time specified by the rules.  See Simpson v.
10 Alaska State Comm'n for Human Rights, 608 F.2d 1171, 1174 (9th Cir. 1979).  Exhaustion
11 under the PLRA is comparable to a statute of limitations defense.  See Wyatt, 315 F.3d at
12 1117-18.  Like a statute of limitations defense, failure to exhaust is a waiveable affirmative
13 defense.  See Fed. R. Civ. P. 8(c); see also Handberry v. Thompson, 436 F.3d 52, 59 (2d Cir.
14 2006) ("the failure to exhaust available administrative remedies is an affirmative
15 defense . . . [that] is waiveable" (citation omitted)); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir.
16 2002); Perez v. Wisconsin Dep't of Corrs., 182 F.3d 532, 536 (7th Cir. 1999) ("Defendants
17 may waive or forfeit reliance on §1997e(a), just as they may waive or forfeit the benefit of
18 a statue of limitations").

19     By failing to file a Rule 12(b) motion either as directed by the Court within 10 days
20 of its September 19, 2006 Order (see Doc. #15) or before the dispositive motions deadline
21 (see Doc. #24 at 2, Dec. 13, 2006 deadline), it appears that Defendant waived the affirmative
22 defense of nonexhaustion.

23     But at the status hearing on July 7, 2008, defense counsel maintained that the issue
24 of exhaustion should not be deemed waived.  In addition, the question was raised as to
25 whether the alleged lack of grievances can be raised at trial with respect to Plaintiff's
26 credibility.

27     As stated on the record at the July 7, 2008 status hearing, the Court will provide
28 Defendant 30 days to file a memorandum limited to these two narrow issues: (1) given the

procedural posture of this case, has the affirmative defense of nonexhaustion been waived and (2) can Defendant's assertion that Plaintiff did not grieve sanitation be raised at trial for another purpose; namely, as to credibility. Plaintiff will be given 15 days to respond, and no reply will be permitted. In light of the deadlines set for motions in limine and the Final Pretrial Conference, no extensions to this additional briefing will be allowed absent extraordinary circumstances.

Defense counsel is reminded of her obligation to conform to the Federal Rules of Civil Procedure, the Local Rules of Practice for the District of Arizona, and all Court orders with regard to time frames for filing motions and in all other respects. See LRCiv 83.1(f)(1)(A).

**IT IS ORDERED:**

(1) Defendant's "Second Motion to Dismiss Count III" (Doc. #90) is **denied**.

(2) Within 30 days from the date of this Order, Defendant may file a memorandum as directed in this Order on the issues of waiver and whether the alleged lack of grievances can be raised at trial for another purpose besides exhaustion.

(3) Plaintiff may file a response memorandum within 10 days after the filing of Defendant's memorandum.

(4) No reply is permitted.

DATED this 9th day of July, 2008.

_____
Mary H. Murgula
United States District Judge