**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamonz Ross,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio,<br><br>　　　　Defendant. | No. CV 05-4177-PHX-MHM<br><br>**ORDER** |

Plaintiff Jamonz Ross brought this civil rights action under 42 U.S.C. § 1983 against Joseph Arpaio, Maricopa County Sheriff (Doc. #1). The sole remaining claim is Count III, which alleges that unsanitary conditions at the county jails violated Plaintiff's constitutional rights.

On July 7, 2008, a status hearing was held addressing, in part, Defendant's Motion to Dismiss for failure to exhaust administrative remedies (Doc. #91). The Court denied the motion, but entertained Defendant's arguments concerning whether the issue of exhaustion could be raised at trial. The Court directed Defendant to file a memorandum addressing two narrow issues: (1) whether, given the procedural posture of this case, the affirmative defense of nonexhaustion has been waived; and (2) whether Defendant's assertion—that Plaintiff did not grieve sanitation—can be raised at trial for another purpose; namely, as to credibility (Doc. #92 at 6-7). Before the Court is Defendant's memorandum (Doc. #94), to which Plaintiff responded (Doc. #95). No reply was permitted.

The Court has reviewed the parties' arguments and finds that the affirmative defense of nonexhaustion has been waived and that Defendant's claim that Plaintiff did not file a sanitation grievance may not be raised at trial for credibility or impeachment purposes.

**I.     Background**

A detailed background of this case is set forth in the Court's July 10, 2008 Order (Doc. #92).

To summarize, Defendant filed his first Motion to Dismiss for failure to exhaust administrative remedies on June 26, 2006 (Doc. #6); the Court denied that motion as to Count III because Defendant failed to meet his burden to demonstrate nonexhaustion (Doc. #15). In its Order, the Court directed Defendant to file either an answer or a new Rule 12(b) motion within 10 days from the date of the Order, which was September 19, 2006 (id. at 6). Defendant failed to submit another Rule 12(b) motion within 10 days.

The Court issued a Scheduling Order on October 12, 2006, which provided that any motion to dismiss must be filed by December 13, 2006 (Doc. #24 at 2). Defendant failed to file a motion to dismiss prior to December 13, 2006.

The Court's Scheduling Order set an August 21, 2007 deadline for summary judgment motions (id. at 3). Defendant failed to move for summary judgment on Count III.

Defendant filed his second Motion to Dismiss Count III for nonexhaustion on November 29, 2007 (Doc. #69). This belated motion came 14 months after the Court's Order on the first motion to dismiss, which directed Defendant to refile such a motion within 10 days from September 19, 2006 (see Doc. #15). It came 11 months after the deadline in which to file motions to dismiss (see Doc. #24 at 2, setting Dec. 13, 2006 deadline). And it was filed over three months after the deadline for dispositive motions (id. at 2). Before briefing on this second motion was completed, Defendant submitted an Amended Motion to Dismiss Count III on January 3, 2008 (Doc. #74). This motion set forth the very same argument that Defendant presented in his first Motion to Dismiss (see Doc. #6). In denying the Amended Motion, the Court noted the extreme untimeliness of the motion and found that there was no

1 new information demonstrating a failure to exhaust Count III (Doc. #85). This Order was
2 issued on May 6, 2008 (id.).

3       On June 19, without leave, Defendant filed a third Motion to Dismiss Count III (Doc.
4 #90), which the Court construed as a motion for reconsideration. The Court denied the
5 motion because it was untimely and it failed to present any grounds for reconsideration (Doc.
6 #92).

7 **II.   Waiver**

8       In his Memorandum, Defendant argues that the affirmative defense of nonexhaustion
9 cannot be waived because "[Plaintiff] did not file a grievance on the sanitation issue and thus,
10 did not exhaust . . . . " (Doc. #94 at 2). Defendant contends that this is exactly the type of
11 case that the Prison Litigation Reform Act of 1996 (PLRA), 42 U.S.C. § 1997e, meant to
12 prohibit (id.). This argument is premised on Defendant's conclusion that Plaintiff did not file
13 a sanitation grievance. But Plaintiff has consistently claimed that he filed grievances, and,
14 more importantly, the Court has not found otherwise. Contrary to Defendant's assertion,[1]
15 the burden is on Defendant to raise *and prove* the absence of exhaustion. See Wyatt v.
16 Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In this case, there was a disputed issue of fact
17 that Defendant did not overcome and, thus, he failed to carry his burden to demonstrate that
18 administrative remedies were available. See id. at 1119-20 (in ruling on an unenumerated
19 Rule 12(b) motion, a court decides disputed issues of fact); Ritza v. Int'l Longshoremen's
20 & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (a court has broad discretion
21 in the methods used to resolve factual disputes).

22       Defendant next argues that although the Second Circuit recognizes a waiver to the
23 exhaustion requirement, the Ninth Circuit does not (Doc. #94 at 3 (citing to Ruggiero v.
24 County of Orange, 467 F.3d 170, 175 (2d Cir. 2006)). Plaintiff responds that there is no
25 difference between the circuits on this issue (Doc. #95 at 2). Plaintiff is correct. The Ninth
26 Circuit's holding in Lira v. Herrera, explicitly provides that § 1997e(a) is an affirmative

27

28      [1]See Doc. #94 at 6 (suggesting that once Defendant has raised the issue of exhaustion, the burden shifts to Plaintiff to establish that grievances exist).

1  defense that can be waived. 427 F.3d 1164, 1171 (9th Cir. 2005). Moreover, the Ninth
2  Circuit specifically followed the Second Circuit (along with the Tenth and Seventh Circuits)
3  when it concluded that there are instances where the exhaustion requirement may be waived.
4  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (citing Abney v. McGinnis, 380 F.3d
5  663, 669 (2d Cir. 2004).[2]

6      In his response, Plaintiff notes that after Defendant's initial Motion to Dismiss was
7  denied, he did not exercise his option to file another motion to dismiss or even a motion for
8  reconsideration (Doc. #95 at 4). Further, Defendant failed to file a motion addressing
9  nonexhaustion within any of the dispositive motions deadlines set by the Court. Plaintiff
10 asserts that under Wyatt, the proper time in which to raise nonexhaustion is at the outset of
11 the case in a motion to dismiss or pursuant to court imposed deadlines (id. at 3). Plaintiff
12 submits that Defendant waived any right to assert the nonexhaustion defense when he failed
13 to do so within the proper time period (id at 5).

14     Plaintiff further argues that allowing a defendant to raise nonexhaustion after there has
15 been significant litigation defeats the purpose of the statute because it serves to prevent
16 actions from being brought (id., citing Woodford v. Ngo, 548 U.S. 81, 88 (2006)). The Court
17 is inclined to agree. As stated by the Seventh Circuit in Perez. v. Wis. Dep't of Corrs., which
18 both parties quote in their briefs, "[1997e(a)] can function properly only if the judge resolves
19 disputes about its application before turning to any other issue in the suit." 182 F.3d 532,
20 536 (7th Cir. 1999).

21     Defendant fails to address this issue of untimeliness. Indeed, *nothing* in Defendant's
22 Memorandum speaks to this question, which is exactly what the Court requested briefing on;
23 "*given the procedural posture of this case*, has the affirmative defense of nonexhaustion been

---

[2]The Court notes that the holdings in Brown and Ruggiero are similar in that they both set out instances where a prisoner does not have to fully exhaust the grievance process. Brown, 422 F.3d at 935-36; Ruggiero, 467 F.3d at 175-176. Also, both cases cite to the Second Circuit's holding in Abney. See Brown, 422 F.3d at 935; Ruggiero, 467 F.3d at 176.

- 4 -

waived . . . " (Doc. #92 at 6-7) (emphasis added).[3] Instead, Defendant contends that cases cited to by the Court in its Order for briefing do not use the term "waiver" or were decided prior to the PLRA's enactment and therefore do not support a conclusion that the exhaustion requirement can be waived (Doc. #94 at 4-5). Defendant's arguments are unavailing. The referenced caselaw concerns rules governing affirmative defenses—which includes nonexhaustion—or it clearly supports the proposition that nonexhaustion can be waived (see Doc. #92 at 6).[4]

After Defendant's first Motion to Dismiss was denied, he was given two, arguably three, more bites at the apple. Yet he failed to raise the nonexhaustion argument either within 10 days of the Order denying the first motion, within the Dec. 13, 2006 motions to dismiss deadline, or even within the August 21, 2007 dispositive motions deadline. On this record, Defendant has waived the affirmative defense of nonexhaustion. And, as set out by Plaintiff, there is no right to a jury determination on exhaustion; rather, the issue should be decided early in litigation (Doc. #95 at 4, citing Cockcroft v. Kirkland, 548 F. Supp. 2d 767, 772 (N.D. Cal. 2008)).

The Court concludes that Defendant waived the exhaustion defense by failing to raise it within the proper time period and, with this issue decided, it would be improper to raise it at trial.

### III.  Raising Failure to Grieve for Another Purpose

Defendant argues that he should be able to raise the issue of whether Plaintiff grieved unsanitary conditions at trial because it goes to his credibility (Doc. #94 at 7). Defendant

---

[3]As to Defendant's repeated argument that Plaintiff did not exhaust (Doc. #92 at 2-3), the purpose of this briefing was to address two narrow issues; it was not meant to be another opportunity for Defendant to try and prove exhaustion.

[4]Defendant's contention that failure to exhaust was not established as an affirmative defense until the Supreme Court's ruling in Jones v. Bock, 549 U.S. 199 (2007), is erroneous (see Doc. #94 at 5 & n. 1). The Ninth Circuit recognized the affirmative defense years before in Wyatt (2003) and Lira (2005). 315 F.3d at 1117-19; 427 F.3d at 1171. Defendant was bound by this controlling circuit precedent when he filed his first Motion to Dismiss.

1 asserts that the fact that Plaintiff did not grieve sanitation is relevant and probative because
2 it goes to how important the issue was to him during his confinement (id.). Defendant also
3 maintains that statements Plaintiff made in his pleading about grievances constitute prior
4 statements, are not hearsay, and they go to Plaintiff's credibility; thus, they are not precluded
5 under Federal Rules of Evidence 801, 607, or 613 (id.).

6       Plaintiff objects to Defendant raising a "fact" at trial that he has repeatedly been
7 unable to prove on motions to dismiss (Doc. #95). Defendant notes that in ruling on
8 Defendant's previous motions, the Court was able to "look beyond the pleadings to decide
9 disputed issues of fact," had "broad discretion as to the method to be used in resolving the
10 factual dispute," and was permitted to make credibility determinations (id., citing Wyatt, 315
11 F.3d at 1119-20; Bryant v. Rich, 530 F.3d 1368, 1377-78 (11th Cir. 2008)). In denying
12 Defendant's motions to dismiss for nonexhaustion, the Court determined that there was
13 insufficient evidence to rebut Plaintiff's claim that he grieved unsanitary conditions (Doc.
14 #95 at 7-8). Plaintiff submits that Defendant does not propose to offer any other evidence
15 beyond what he has already proffered in support of these motions;[5] thus, Defendant would
16 be re-litigating the grievance issue a fourth time and asking the jury to find that this same
17 evidence—which the Court has found insufficient—is sufficient to show that Plaintiff did not
18 grieve (id. at 8).

19       Plaintiff also asserts that if whether or not Plaintiff filed grievances is allowed to be
20 raised at trial, it would confuse the issues, mislead the jury, consume time unnecessarily, and
21 be unfairly prejudicial (id.). As such, Plaintiff argues that it should be inadmissible under
22 Fed. R. Evid. 403 and 611(a). He notes that raising this issue would lead to witness
23 testimony on grievance records and the significant of grievances, among other things, which
24 in turn would require rebuttal and documentary evidence—all on an issue the Court has
25 already decided (id. at 8-9). Finally, Plaintiff notes that since this issue was decided long

---

[5]Plaintiff states that Defendant did not depose Plaintiff (Doc. #95 at 8).

1 ago, no discovery on grievances was conducted and he would therefore be prejudiced in his
2 ability to rebut Defendant's claims (id. at 9).

3 Defendant's argument is, as before, based on his own conclusion that Plaintiff did not
4 file grievances on sanitation. But this "fact" is disputed, and when this disputed fact was
5 before the Court, it concluded that there was insufficient evidence to support the claim that
6 Plaintiff did not file grievances. Defendant's other arguments are incomplete—he refers to
7 "various statements" Plaintiff made in his pleading about grievances that constitute prior
8 statements and admissions (Doc. #94 at 7) but does not identify what those statements are.
9 Nor does Defendant explain what "nonverbal conduct of a person" he would seek to
10 introduce (id.). Further, as argued by Plaintiff, Defendant does not propose what other
11 evidence, if any, he would proffer to show that Plaintiff did not file grievances. Thus, it
12 would appear that Defendant seeks to have the jury consider the same evidence that the Court
13 has considered and consistently found lacking.

14 The Court finds Plaintiff's arguments under Fed. R. Evid. 403 and 611(a) persuasive.
15 Rule 403 provides that even if evidence is relevant, it may be excluded if there is a danger
16 of unfair prejudice, of misleading the jury, or confusion of the issues, and it may be excluded
17 on the grounds of undue delay or waste of time. Rule 611(a) requires the court to control the
18 presentation of evidence so that there is no needless consumption of time. There is no
19 question that opening the door to whether Plaintiff filed a sanitation grievance would require
20 evidence about the grievance process, witness testimony, and time spent on a tangent issue
21 that is unrelated to the merits and that has already been addressed by the Court. This
22 evidence and testimony would likely mislead and divert the jury's attention from the real
23 issue in the case. And the real issue at the heart of this case is whether the jail conditions
24 were unsanitary and violative of the Constitution; not whether Plaintiff subjectively believed
25 they were unsanitary or whether he filed a grievance, as Defendant suggests (see Doc. #94
26 at 7).

27 It has already been determined that exhaustion cannot be raised at trial. Despite the
28 obvious connection between exhaustion and whether Plaintiff filed a grievance on sanitation,

- 7 -

1  Defendant does not explain how that connection could be kept separate at trial, and the Court
2  cannot fathom how that would be possible.
3    For these reasons, Defendant will not be permitted to raise the issue of whether
4  Plaintiff filed sanitation grievances at trial.
5    In sum, the Court determines that by failing to assert the affirmative defense of
6  nonexhaustion within the time period set by the Court, Defendant waived the defense and it
7  may not be renewed at trial. The Court further finds that based on the information and
8  arguments submitted up to this point whether Plaintiff filed sanitation grievances cannot be
9  raised at trial for impeachment or credibility purposes.
10   DATED this 12th day of September, 2008.

_____
Mary H. Murguia
United States District Judge